# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| M & N AVIATION, INC., GLOBAL ) <br> AEROSPACE, INC., and GLOBAL ) <br> AEROSPACE UNDERWRITERS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED PARCEL SERVICE, INC., and ) <br> THE VIRGIN ISLANDS PORT AUTHORITY, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2010-083 |

**Attorneys:**
**Wilfredo A. Geigel, Esq.,**
**Gabriel Peñagarícano, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**Richard H. Hunter, Esq.,**
**Elise Catera, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant United Parcel Service*

**Douglas L. Capdeville, Esq.,**
**Mia L. Woodard, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant Virgin Islands Port Authority*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Petition for Costs and Attorney's Fees filed by Defendant Virgin Islands Port Authority ("VIPA") (Dkt. No. 180) and VIPA's Amended Petition for Costs and Attorney's Fees. (Dkt. No. 195-1). Plaintiffs M&N Aviation, Inc. ("M&N"), Global Aerospace, Inc., and Global Aerospace Underwriters (collectively,

"Plaintiffs") have opposed the Motion. (Dkt. No. 191). For the reasons that follow, the Court will grant in part and deny in part VIPA's Motion.

## I. PROCEDURAL HISTORY

On February 26, 2009 at approximately 4:00 a.m., one of M&N's airplanes—a Beechcraft 1900—arrived at Henry Rohlsen Airport on St. Croix, U.S. Virgin Islands, to deliver mail to the United States Postal Service ("USPS") airport facility pursuant to M&N's contract with the USPS. The aircraft was piloted by M&N employee Lawrence Lee. After landing, Mr. Lee taxied the airplane towards the ramp area in front of the Cargo Building. He made a right turn so as to position the aircraft close to the building to facilitate unloading the mail. While making the turn, the aircraft struck a stack of safety cones belonging to UPS, extensively damaging the left propeller and engine.

On September 7, 2011, M&N—in addition to Global Aerospace, Inc., and Global Aerospace Underwriters, the insurers who paid for the damaged aircraft—filed an Amended Complaint, claiming that Defendants UPS and VIPA were negligent for leaving cones in the cargo area. Plaintiffs sought to recover costs incurred as a result of damage to the aircraft. (Dkt. No. 64). UPS and VIPA responded that they were not negligent; rather, M&N and its pilot, Lawrence Lee, were at fault for the accident.

The trial in this matter took place over six days, from August 13-20, 2012. At the conclusion of the trial, the jury returned a verdict in favor of the Defendants, finding neither UPS nor VIPA negligent on any of the damage claims asserted against them by Plaintiffs. (Dkt. No. 177). The Court entered Judgment in favor of Defendants on August 21, 2012 (Dkt. No. 169), and an Order Dismissing the Case on August 24, 2012.

On August 29, 2012, VIPA filed the instant Motion for Costs and Attorney's Fees (Dkt. No. 180), which Plaintiffs opposed. (Dkt. No. 191). VIPA filed a Reply. (Dkt. No. 194). Shortly thereafter, VIPA filed a Motion for Leave to File an Amended Petition for Costs and Attorney's Fees to correct an administrative error in calculating the billing rates for one of the attorneys. (Dkt. Nos. 195, 195-2, ¶ 6). The Court granted VIPA's Motion to file an amended petition for costs and attorney's fees. (Dkt. No. 205).

## II.   APPLICABLE LEGAL PRINCIPLES

### A. Costs

VIPA brings its motion for costs and attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure, and 5 V.I.C. § 541 of the Virgin Islands Code. (Dkt. No. 179 at 2).

Fed. R. Civ. P. 54(d), governing costs, provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a "strong presumption" that costs are to be awarded to the prevailing party. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 468. In addition, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. If a district court "within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so," *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli*, 221 F.3d at 468), because "the denial of such costs is akin to a penalty." *Id.* (citing *ADM Corp. v. Speedmaster Packaging Corp.,* 525 F.2d 662, 665 (3d Cir. 1975)).

3

The Virgin Islands Code explains the applicability of Rule 54(d)(1) to the assessment of costs in the Virgin Islands:

> This Rule specifies when costs are allowed, and the procedure for taxing them, but it does not provide what items are included in costs. 28 U.S.C. §§ 1911-1929, which cover the latter subject, are not applicable to the district court of the Virgin Islands under 28 U.S.C. § 451. Therefore, it appears that local provisions, such as the present section [5 V.I.C. § 541], are needed to determine what costs shall be allowed.

5 V.I.C. § 541, History, Allowance of costs. Under local law, the following costs are allowed in a civil action:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

5 V.I.C. § 541(a). *See also* 5 V.I.C. § 543, "Taxation of costs."

### B. Attorney's Fees

Fed. R. Civ. P. 54(d), governing attorney's fees, provides:

> Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d)(2)(A). Since Rule 54(d)(2) simply "recognizes the possibility of awards of attorney's fees and related non-taxable expenses and establishes a procedure for asserting a right to such an award," *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995) (internal quotations omitted), courts "must look to another source of substantive law to determine whether a party is entitled to attorney's fees." *Warren Distrib. Co. v. InBev USA, LLC,* 2011 WL 770005,

4

at *7 (D.N.J. Feb. 28, 2011). As the Third Circuit has ruled, "the right of a party or an attorney to recover attorney's fees from another party in a diversity action is a matter of state substantive law." *Mitzel v. Westinghouse Elec. Corp.* 72 F.3d 414, 417 (3d Cir. 1995) (citing, *inter alia*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975)). Because this case is in federal court on diversity jurisdiction, Virgin Islands law applies in assessing the propriety and reasonableness of attorney's fees. *See Pierce Assocs., Inc. v. Nemours Found.,* 865 F.2d 530, 542 (3d Cir. 1988) ("[I]n a diversity case[,] state law ordinarily governs the award of attorney['s] fees.").

The Virgin Islands Code provides for attorney's fees to be awarded to the "prevailing party" in "such sums as the court in its discretion may fix by way of indemnity. . . in maintaining the action or defenses thereto[.]" 5 V.I.C. § 541(b); *see Lucerne Inv. Co. v. Estate Belvedere, Inc.,* 411 F.2d 1205, 1207 (3d Cir. 1969) ("The amount of attorney's fees to be awarded to the prevailing party is discretionary with the court, as the statute states . . . ." (citing 5 V.I.C. § 541 and *Tebbs v. Alcoa Steamship Co.*, 241 F.2d 276 (3d Cir. 1957)). The purpose of Section 541 "is to indemnify the prevailing party, and 'the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault.'" *Int'l Leasing & Rental Corp. v. Gann*, 2010 WL 1284464, at *1 (D.V.I. Mar. 23, 2010) (quoting *Bedford v. Pueblo Supermarkets of St. Thomas, Inc*., 18 V.I. 275, 278, 1981 U.S. Dist. LEXIS 9369, at *3 (D.V.I. Jan. 22, 1981)).

> Once a court determines that attorney's fees shall be awarded,
>
> it must then determine what constitutes a reasonable attorney['s] fee for a given matter. The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 432 (1983); *Jo–Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.,* No.1989–106, 1995 WL 78299, at *4–5 (D.V.I. Feb. 9, 1995). After conducting this calculation,

> a court may then adjust the amount to "take into account any other relevant factors that are not already adequately represented in the lodestar calculation." *Equivest St. Thomas, Inc. v. Gov't of the V.I.,* No. 2001–155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004).

*Grand Union Supermarkets v. H.E. Lockhart Mgmt., Inc.,* 2013 WL 163830, at *2 (D.V.I. Jan. 10, 2013). "To determine a fair and reasonable award of attorney['s] fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). A court may reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries. *Bank of Nova Scotia v. Abdallah*, 2013 WL 1846544, at *5 (D.V.I. May 2, 2013) (citing *First Bank P.R. v. Caribbean Island Adventure, Inc.*, 2008 WL 783537, at *2 (D.V.I. Mar. 20, 2008) and *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 414, 422 (3d Cir. 1993) (refusing to reimburse a party for particular billing entries that reflect work "that was billed excessively or repeatedly")).

> In accordance with these principles,
>
> the Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands,* 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.,* 2012 WL 369535 at *10.

*Abdallah*, 2013 WL 1846544, at *5.

Plaintiffs do not challenge VIPA's status as a prevailing party in this litigation. *See Melendez v. Rivera*, 24 V.I. 63, 65, 1988 V.I. LEXIS 35, at *4-5 (Terr. Ct. Oct. 28, 1988) (stating that a prevailing party under § 541 is "one in whose favor a decision or verdict is rendered and a judgment is entered."). Thus, the only issue before the Court is the amount of costs and fees to be awarded.

### III. DISCUSSION

Plaintiffs advance three preliminary arguments before making their specific objections to VIPA's Motion for Costs and Attorney's Fees. First, they assert that the Court should consider that they did not file their action in bad faith, and that they had a legitimate theory of the case. (Dkt. No. 191 at 1). The Court need not consider Plaintiffs' argument in this regard, because a showing of bad faith is not required to support an award of attorney's fees and costs in the current context.[1]

Plaintiffs' next argument is that attorney's fees under § 541(b) "'are not intended as full reimbursement to a prevailing party, and a court has considerable latitude in this regard.'" (Dkt. No. 191 at 3) (quoting *Melendez*, 24 V.I. at 66). Plaintiffs further argue that this Court should not award all of the fees that VIPA requests based on the case law that appears to discourage full reimbursement. (Dkt. No. 191 at 3-4).

In *Morcher v. Nash*, 32 F. Supp. 2d 239 (D.V.I. 1998), adjudicated a decade after *Melendez*, the Court held that "there is no 'partial reimbursement standard' implicit in section 541" and that "[t]he amount of an award rests within the sound discretion of the Court." *Id.* at 241. This Court agrees with *Morcher* that the focus in awarding attorney's fees is on whether the

---

[1] This is not a personal injury case where an award of attorney's fees is prohibited "unless the court finds that the complaint filed or the defense is frivolous." 5 V.I.C. § 541(b).

7

time billed was reasonably expended—a finding left to the court's discretion. In that context, a prevailing party may or may not be awarded all of the fees it has requested—a determination that will be based on the facts as presented, not on an overarching rule that full reimbursement will not be permitted *ab initio.*

Plaintiffs' final argument is that "a cautious assessment needs to be made when it has been held at the outset that Sec. 541 does not apply to the allowance of attorney's fees in the district court of the Virgin Islands if a federal claim is asserted." (Dkt. No. 191 at 4). The Court's jurisdiction here was based on diversity of citizenship. Thus, Plaintiff's argument does not apply, and the Court will make an appropriate assessment of the fee request under § 541.

**A. Costs**

VIPA has submitted a Declaration of Douglas L. Capdeville, Esq. in support of VIPA's Amended Petition for Costs & Attorney's Fees, which lists the costs VIPA expended in litigating this matter. (Dkt. No. 195-3 at 21). The list indicates the date the cost was incurred, a description of the expense, and the total dollar amount billed. *Id.* VIPA seeks to recover $3,772.26 in costs dating from January 31, 2011 through January 13, 2012. *Id.*

In reviewing VIPA's listing of costs, Plaintiffs argue that: (1) costs for photocopies and facsimiles should not be allowed, as they represent office overhead; (2) the cost of several depositions cannot be recovered if the depositions were not introduced at trial; and (3) travel expenses related to the San Juan depositions are not allowed under § 541.[2] (Dkt. No. 191 at 18-19).

---

[2] Defendants deposed M&N's Rule 30(b)(6) witness, pilot Lawrence Lee, and M&N's Director of Operations, Rafael Ramos, in San Juan. (Dkt. No. 178-5 at 5).

Addressing these objections in order, the Court finds that facsimile costs are not included as compensable items under the governing statute. Costs for copying are allowed if a party is copying public records or documents used as evidence at trial. *See* § 541(a)(5). However, VIPA did not indicate that the costs for which it is seeking reimbursement relate to copying those specific items. Moreover, Virgin Islands courts have long held that "[g]eneral photocopy, facsimile and telephone charges are not compensable under section 541." *Morcher,* 32 F. Supp. 2d at 243. Accordingly, the Court will not permit reimbursement for the facsimile and copying costs.

Plaintiffs next object to costs being awarded for deposition transcripts that were not introduced at trial. However, they provide no support for this position. Whether depositions are introduced at trial is not the standard for determining whether the expenses associated therewith are "[n]ecessary expenses of taking depositions which were reasonably necessary in the action," 5 V.I.C. § 541(a)(2), and thus reimbursable. Plaintiffs have failed to show why the expenses for the depositions to which they object were not "reasonably necessary in the action." The Court will therefore allow reimbursement for all of the deposition transcripts under § 541(a)(2).

Plaintiffs' final objection to travel expenses relating to depositions is well taken. The longstanding rule in the Virgin Islands is that "travel expenses incurred in taking depositions will not be awarded absent special circumstances." *Lempert v. Singer*, 29 V.I. 169, 172 (V.I. 1993) (citing *Damidaux v. Hess Oil V.I. Corp*., 18 V.I. 417, 421-22 (D.V.I. 1981) and *Kriegel v. St. Thomas Beach Resorts*, 18 V.I. 365, 365 (D.V.I. 1981)); *accord Jo-Ann's Launder Center, Inc.,* 1995 WL 78299, at *6 (finding no special circumstances "even though the . . . deposition was conducted in Baltimore, Maryland"). VIPA did not counter M&N's argument with any case law

or argument that special circumstances existed here warranting reimbursement of travel costs. These costs will therefore be disallowed.

Accordingly, the Court will permit reimbursement of $1,389.85 in costs, comprised of the costs for court reporters on November 14, 2011, December 5, 2011, December 7, 2011, and December 30, 2011.

### B. Attorney's Fees

In the "Declaration of Douglas L. Capdeville, Esq. in support of VIPA's Amended Costs and Attorney's Fees," Attorney Capdeville identified the individuals in his law firm who worked on this case for VIPA and their hourly billing rates. Attorney Capdeville's rate was $250.00 per hour, and Associate Mia L. Woodard's rate was $230.00 per hour. (Dkt. No. 195-2, ¶ 5). Attorney Capdeville avers that VIPA incurred legal fees of $89,974.00 in defending the case from November 13, 2010 through September 4, 2012, which are detailed in a twenty-page "Chronological Description of Legal Services" ("Chronological Description") attached to Attorney Capdeville's declaration. The Chronological Description contains columns for the date the legal services were rendered; by whom; a brief description of the work; the time spent on the task; and the total dollar amount billed. (Dkt. No. 195-3 at 1-20).

In assessing the reasonableness of the hourly rates, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Plaintiffs here do not challenge the reasonableness of the hourly rates charged by the VIPA legal team. Because the hourly billing rates charged here—to which there has been no objection—fall within the scope of rates generally charged for such services, the Court concludes that those rates are reasonable. *See Rode*, 892 F.2d at 1183.

Plaintiffs focus their attorney's fees challenge on whether the hours billed were "reasonably expended," and claim that numerous entries for time billed are "excessive, redundant, or otherwise unnecessary." *Abdallah*, 2013 WL 1846544, at *5. Their objections generally fall into three categories: (1) some of the entries lack sufficient detail to warrant reimbursement; (2) many entries are excessive for the work claimed, or relate to work normally done by paralegals or legal secretaries; and (3) some entries are for work that did not benefit Defendant's litigation, because VIPA billed for meetings with witnesses who did not testify at trial, and for review of responses to document requests that were not used at trial. (Dkt. No. 191 at 7-16).[3]

### 1. Alleged Lack of Detail

Plaintiffs state, in general, that "the vast majority of [VIPA's] entries lack the necessary requirement [sic] for the Court to ascertain just what those services are prior to being able to determine the value of the attorney's services" but provide no examples of this alleged shortcoming. (Dkt. No. 191 at 13). Plaintiffs later challenge as insufficient the description of services on July 12 and 13, 2012, set forth in the Chronological Description as "[p]reparation of reminder to David Mapp re: trial date"; "[r]eview of latest modifications to Joint Final Pretrial Order"; and "[p]reparation of correspondence to UPS." (Dkt. No. 191 at 15; Dkt. No. 195-3 at 13-14).

Billing entries that are too general, in that they do not indicate the purpose for which the attorney engaged in particular work, are not allowed. A prevailing party must provide enough

---

[3] Plaintiffs requested an evidentiary hearing on the issue of allowable attorney's fees. (Dkt. No. 191 at 20). As discussed below, the Court does not deem such a hearing necessary to the resolution of Defendant VIPA's request for attorney's fees.

specificity in its billing entries to allow a court to assess what tasks an attorney performed when examining an application for attorney's fees. *See Lempert*, 29 V.I. at 173 (refusing to reimburse attorney's fees when application "'contains overly general entries . . . that do not indicate the purpose for which the attorneys engaged in such activity' and which have stymied the court's review.") (quoting *Good Timez*, 754 F. Supp. at 463 n.6); *see also Devcon Int'l Corp. v. Reliance Ins. Co.*, 2008 U.S. Dist. LEXIS 1087, at *7 (D.V.I. Jan. 2, 2008) (declining to reimburse entries for "undetailed itemizations" that were "so vague as to prevent meaningful review") (quoting *Morcher*, 32 F. Supp. 2d at 242-43.

Based on its review of the Chronological Description, the Court finds that VIPA's billing entries are sufficiently detailed for the Court to determine the service performed and whether the hours billed were reasonably expended. Thus, none of the entries will be disallowed on this basis.

**2. Alleged Excessiveness of Time Spent on Tasks**

Plaintiffs' primary complaint with VIPA's request for attorney's fees is that the time associated with many entries in the Chronological Description is excessive given the service performed. Plaintiffs question how it could have taken VIPA counsel so long to perform the particular tasks. The Court will describe five representative objections made by Plaintiffs to VIPA's billing entries: (1) a November 13, 2010 entry stating "review of new case materials" at .50/hour; (2) a November 30, 2010 entry stating "Exchange of emails with Henry Carr re: cross claim requests" at .30/hour; (3) a January 11, 2011 entry stating "reviewed file to prepare for initial status conference hearing before Judge Cannon" at .80/hour; and (4) January 12, 2011 entries stating "Drafted status report to Chris Brown" at .60/hour and "Attendance at Court scheduling conference" at 1.50 hours.

With regard to the "review of new case materials," Plaintiffs assert: "[i]t would seem unlikely that it took counsel for defendant half an hour to review 'new case material' which we know was not to[o] extensive, especially when considering the responses to discovery by VIPA." (Dkt. No. 191 at 7). Similarly, Plaintiffs assert that it was doubtful that an exchange of e-mails with Mr. Carr took .40/hour (in fact, the entry shows .30/hour).[4] The Court concludes that such non-specific, speculative observations by Plaintiffs are woefully inadequate grounds upon which to mount a legitimate challenge to VIPA's attorney's fees.

In a similar vein, Plaintiffs object that the January 11, 2011 entry concerning preparation for an initial status conference was "simply unreasonable, and difficult to believe that it would take counsel almost an hour to review no more than four documents." (Dkt. No. 191 at 11). They further contend that billing over a half hour to draft a status report based on "the aforementioned information at that point in the litigation is unreasonable." *Id.* The basis for Plaintiffs' arguments is their unsupported premise that VIPA reviewed only four documents, together with the simplistic assumption that the number of documents reviewed—rather than the issues to be addressed—would determine the time needed to perform the challenged tasks. The Court will allow all of the time charged for the services performed, given the relatively small and seemingly reasonable amount of time at issue and the complete absence of any foundation for the challenge. Simply stated, Plaintiffs have not shown that the time spent on these and similar tasks was excessive and therefore unreasonable. Plaintiffs' skepticism—without more—that VIPA took the time it indicated and Plaintiffs' ill-supported speculation that the tasks should have taken less

---

[4] Plaintiffs' criticism that it would be more "practical and economical" to hold "such a long discussion" by telephone (Dkt. No. 191 at 9), is pure conjecture and without foundation.

time are simply insufficient bases for the Court to decline to reimburse VIPA for its attorney's fees.

Also in the realm of alleged excessiveness, Plaintiffs assert that attorney's fees for mediation are not reimbursable. Plaintiffs cite no rule—and the Court is unaware of any—that the time spent by attorneys preparing for and participating in mediation should not be compensated under § 541(b). Mediation is a key aspect of litigation, and a party's attorney who is familiar with the case and prepared for mediation would be in the best position to assess the strength of the case, represent that party in mediation, and determine whether settlement is in the best interests of the client. The Court rejects Plaintiff's argument that such fees should not be compensated.

On the other hand, the Court has found that aspects of two discrete subsets of Plaintiffs' objections have merit. Plaintiffs complain that certain tasks are so minimal that billing at .20 of an hour (twelve minutes) is excessive. Based on the Court's review of particular documents on the docket report for the purpose of evaluating the reasonableness of the time billed, the Court concludes that the following billing entries for .20 of an hour are excessive and should have been billed at .10 of an hour: (1) a December 1, 2010 entry for "Review of Court Order denying motion for leave to appear pro hac vice," when the Court Order is a one line text only order; (2) a December 17, 2010 "Review of Court Order scheduling initial conference," when the Court Order is a two-sentence text only order; (3) a December 17, 2010 "review of notice of appearance for Worldwide Services," a one-sentence notice; (4) a January 14, 2011 "Review of Court Order denying joint motion to amend," a three-sentence Order; (5) a March 24, 2011 "Review of amended Court Scheduling Order" – a one-sentence text only order; and (6) a November 7, 2011 "review of jury trial Order" - a one-sentence text only order. VIPA did not

address this argument in its Reply, asserting only that, "[i]n response to each and every challenge presented, Defendant VIPA stands by the descriptions contained in its previously filed Declaration of Counsel and Chronological Description of Legal Services, which speak for themselves." (Dkt. No. 194 at 5). The Court notes that VIPA's minimum billing entry appears to be .20 of an hour, regardless of whether twelve minutes is reasonably warranted for certain minimal tasks. The cited .20 of an hour billings are excessive and unreasonable. The Court will award $150.00 instead of $300.00 for the six examples cited here.

Plaintiffs further claim that some tasks could have been undertaken by a legal secretary or paralegal—such as coordinating meetings—and should not have been billed at the counsel rate. They cite a January 26, 2011 entry, "Coordinated with Henry Carr re: meeting to review discovery," for .40/hour, and "several entries" in November 2011 involving exchange of emails from Lola Ayala[5] concerning postponing depositions at .20/hour. Plaintiffs also claim that January 26, 2011 attorney entries for drafting discovery "is regularly left to paralegals or legal secretaries, at most a junior associate." (Dkt. No. 191 at 11-12).[6]

The Court finds that arranging meetings or postponing depositions are tasks that a paralegal could perform, and therefore billing such tasks at the attorney rate is excessive and unreasonable. The Court has identified $342.00 in billings that fall into this category, totaling 1.4

---

[5] Plaintiffs surmise that Ms. Ayala is "either a secretary or paralegal in the offices of [UPS] Attorney Hunter." (Dkt. No. 191 at 13). It is unclear from the Chronological Description by whom Ms. Ayala is employed.

[6] There is no January 26, 2011 entry in the Chronological Description for drafting of discovery.

hours.[7] The Court will permit reimbursement for the 1.4 hours at the paralegal hourly rate of $55.00.[8] Accordingly, the Court will allow a total of $77.00 for these tasks.

As for Plaintiffs' argument that drafting discovery is "regularly left to paralegals or legal secretaries, at most a junior associate," the Court does not view the task of drafting discovery as a "one size fits all" proposition. The particulars of the task at issue must be taken into account, and the Court rejects Plaintiffs' broad challenge under the circumstances here.

### 3. Billing for Work That Allegedly Did Not Benefit VIPA's Litigation

Plaintiffs' final general category of objections to VIPA's Petition for Attorney's Fees concerns billing for work expended on supplemental discovery, witness preparation, or depositions that allegedly did not benefit Defendant's litigation because the work was not utilized nor the witnesses called by VIPA at trial. (Dkt. No. 191 at 13-14).

Plaintiffs provide no support for their argument that the only compensable attorney's fees are those related to witnesses who appear or to evidence utilized at trial. Section 541(b) does not require such a showing. It simply provides that the prevailing party be awarded attorney's fees in such sums as the Court in its discretion "may fix by way of indemnity" as compensation for the prevailing party's attorneys in maintaining or defending the action. 5 V.I.C. § 541(b). This

---

[7] The entries consist of: (1) a January 26, 2011 item for "[c]oordinated with Henry Carr re: meeting to review discovery" at .40 of an hour ($92.00); (2) a November 7, 2011 item for "[e]xchange of emails with Lola Ayala shifting VIPA depositions to following day" for .20 of a hour ($50.00); (3) a November 9, 2011 item for "[r]eview email from Lola Ayala re: postponement of David Mapp deposition" for .20 of an hour ($50.00); (4) a November 21, 2011 item for "[e]xchange of emails with Lola Ayala re: continuation of depositions" for .20 of an hour ($50.00); (5) a December 29, 2011 item for "[e]xchange of emails with Nancy Clark re: mediation availability" at .20 of an hour ($50.00); and a (6) a January 9, 2012 item for "Review of AMI mediation confirmation" for . 20 of an hour ($50.00).

[8] The Court uses the paralegal hourly rate of $55.00, which Defendant UPS charged in this case.

language encompasses the time counsel expended in supplementing discovery, preparing witnesses that they *may* call at trial, taking depositions, and engaging in other legal work that VIPA reasonably anticipated would be useful in maintaining its defense, and that was directed to defending this action. The key inquiry in assessing whether legal work warrants reimbursement is not whether witnesses appeared or evidence was ultimately utilized at trial, but whether the work was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Devcon Int'l*, 2008 WL 219968, at *2 (internal quotation marks omitted).

In *Grand Union*, the losing plaintiff argued that defendant should not be awarded fees for work on unsuccessful motions. The court characterized such an argument as a "misinterpretation of the relevant case law, which permits reduction of fees when a party succeeded on some *claims or defenses but not others*." *Grand Union*, 2013 WL 163830, at *2 n.1 (emphasis added) (citing *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (noting "where the prevailing party achieved only limited success, the court should award only that amount of fees that is reasonable in relation to the results obtained.") (quotation omitted)). In this case, similar to the result in *Grand Union*, VIPA "achieved total success through a judgment in its favor on all claims." *Id.* The legal work that contributed to this complete victory was not frivolous, nor did it generate undue fees. The Court rejects Plaintiffs' argument and will not reduce any of VIPA's attorney's fees on this ground.

### 4. Request for an Evidentiary Hearing

Plaintiffs conclude that if the Court is inclined to award fees, they "request an evidentiary hearing on the amount of [sic] the Court will consider given the lack of reasonable and necessary elements." (Dkt. No. 191 at 20) (citing *Planned Parenthood of Cent. N.J. v. Att'y Gen. of the State of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002)).

In *Planned Parenthood*, the Third Circuit held—in a case where plaintiffs moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988—that an evidentiary hearing must be held to determine the reasonable market rates when the hourly rate charged by the attorney was disputed. *Id.* at 266. That is not the case here, as Plaintiffs do not dispute the hourly rates charged by any of VIPA's attorneys, but rather the hours worked. Because the Court does not deem an evidentiary hearing necessary to resolve the issues presented here, the Court denies Plaintiffs' request for an evidentiary hearing.

## CONCLUSION

For the reasons cited above, the Court will grant in part and deny in part Defendant VIPA's Amended Petition for Attorney's Fees. (Dkt. No. 195). The Court will award $1,389.85 in costs and $89,559.00 in attorney's fees. An appropriate Order accompanies this Memorandum Opinion.

Date:  March 21, 2014 _____/s/_____
                                                                WILMA A. LEWIS
                                                                Chief Judge